UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOSE MARIA ALVES DECASTRO and
DJJ-MINING & SERVICES (PRIVATE)
LIMITED,

Plaintiffs,

-against-

DEEPAK KAVADIA and NICE GEMS, INC.,

Defendants.

------------------------------------------------------------X

*Judge Marrero*

*12 CV 1386*

2012 CV-_____

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiffs, Jose Maria Alves DeCastro and DJJ-Mining & Services (Private) Limited, by their counsel, Spellman Rice Schure Gibbons McDonough Polizzi & Truncale, LLP, as and for their Complaint against the Defendants, Deepak Kavadia and Nice Gems, Inc., hereby show and allege as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.      This is an action to redress the harm that Defendants have caused Plaintiffs as a result of Defendants' failure and refusal to return to Plaintiffs certain diamonds belonging to Plaintiffs with a total value estimated to be in excess of $35,000,000.00.

2.      In addition to the return of their diamonds, Plaintiffs seek to enjoin Defendants from selling, transferring or in any way encumbering the converted diamonds and respectfully request that the diamonds be turned over to the Court during the pendency of this action.

3.      Defendants obtained two collections of diamonds from Plaintiffs pursuant to two separate agreements.

4.      Defendants breached their obligations under both agreements and unlawfully converted Plaintiffs' diamonds.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §1332 based upon complete diversity of the parties.

6.      Plaintiff, Jose Maria Alves DeCastro, is an individual residing at Rua Direita de Luanda, No. 151-157, Luanda, Angola.

7.      Plaintiff, DJJ-Mining & Services (Private) Limited, is a company duly formed in accordance with the laws of the Country of Angola, with its principal place of business located at Rua Direita de Luanda, No. 151-157, Luanda, Angola.

8.      Upon information and belief, Defendant, Deepak Kavadia, is an individual residing at 18 Reiner Place, Englewood Cliffs, New Jersey 07632-2032.

9.      Upon information and belief, Defendant, Nice Gems, Inc., is a New York Corporation duly organized and existing under the laws of the State of New York with its principal place of business located at 55 West 47th Street, New York, New York 10036.

10.     The amount in controversy exceeds $75,000.00. See 28 U.S.C. §1332(a)

11.     This Court has personal jurisdiction over Defendants. Defendants do continuous and systematic business in New York and in this District and have contracted to obtain goods and or services in New York in connection with the matters giving rise to this suit. See N.Y. CPLR 302.

12.     In addition, Defendants have their principal place of business in New York and in this District and Plaintiffs have been injured in New York by Defendants' wrongful acts. See 28 U.S.C. §1391

13.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 in that substantially all of the events or omissions giving rise to the claims herein occurred in the borough of Manhattan located in this District.

## PARTIES

14.   Plaintiff, Jose Maria Alves DeCastro, is an individual residing at Rua Direita de Luanda, No. 151-157, Luanda, Angola.

15.   Plaintiff, DJJ-Mining & Services (Private) Limited, is a company duly formed in accordance with the laws of the Country of Angola, with its principle place of business located at Rua Direita de Luanda, No. 151-157, Luanda, Angola.

16.   Upon information and belief, Defendant, Deepak Kavadia, is an individual residing at 18 Reiner Place, Englewood Cliffs, New Jersey 07632-2032.

17.   Upon information and belief, Defendant, Nice Gems, Inc., is a New York Corporation duly organized and existing under the laws of the State of New York with its principle place of business located at 55 West 47th Street, New York, New York 10036.

## FACTUAL ALLEGATIONS

A.   **Agreement No. 1**

18.   On March 28, 2011, Plaintiffs purchased a parcel of diamonds totaling 1682.80 carats from the Republic of Zimbabwe.

19.   On April 15, 2011, Plaintiffs and Defendants entered into an agreement (hereinafter referred to as "Agreement No. 1") regarding a parcel of 1,600 carats of diamonds[1] (hereinafter referred to as "parcel of diamonds"), whereby Plaintiffs would supply Defendants with the parcel of diamonds to be sold to a third-party at a set listing price.

---

[1] 82.80 carats from the original purchase of March 28, 2011 were intentionally omitted from Agreement No. 1.

20.     Agreement No. 1 provided that Defendants were to sell the parcel of diamonds at a price of $375.00 per carat, totaling $600,000.00.

21.     Agreement No. 1 was not a purchase agreement, but instead was a sale and profit sharing agreement. Title to the parcel of diamonds remained at all times with Plaintiffs, unless and until a sale was authorized.

22.     Agreement No. 1 provided that the parties would equally share any money collected on the sale of the parcel of diamonds above the list price of $600,000.00.

23.     Plaintiffs delivered the parcel of diamonds to Defendants and Defendants accepted the parcel of diamonds and agreed to be bound by the terms of Agreement No. 1.

24.     Defendants failed to find a purchaser for the parcel of diamonds. In fact, Defendants attempted to reduce the listing price to $220.00 per carat.

25.     Plaintiffs rejected this offer and held the per carat price at the original amount of $375.00 per carat.

26.     On or about July 4, 2011, based upon Defendants' inability to sell the parcel of diamonds at the agreed upon per carat price, Plaintiffs demanded the return of the parcel of diamonds.

27.     Defendants refused to return the parcel of diamonds.

28.     Over the next several weeks, Plaintiffs sent certified letters, emails, text messages and voicemails to Defendants demanding the return of the parcel of diamonds.

29.     Defendants have failed to respond to Plaintiffs' communications and remain in wrongful possession of the parcel of diamonds.

4

**B.**   **Agreement No. 2**

30.   Plaintiffs have over twenty-five years of experience in the collecting, purchasing, selling and mining diamonds.

31.   Over this period of time, Plaintiffs have amassed an extremely unique and rare collection of diamonds.

32.   This collection of diamonds includes fourteen (14) rough-cut diamonds (hereinafter referred to as the "14 Diamonds").

33.   The approximate value of the 14 Diamonds is believed to be in excess of $35 million dollars.

34.   Plaintiffs were interested in having the 14 Diamonds cut, polished and certified by the Gemological Institute of America (GIA).

35.   Defendants, prior to breaching Agreement No. 1 and converting the parcel of diamonds, offered to assist Plaintiffs with this undertaking.

36.   Defendants used their past dealing with Plaintiffs and alleged experience and connections in the diamond industry to induce Plaintiffs to entrust them with the 14 Diamonds.

37.   On or about June 20, 2011, Plaintiffs and Defendants entered into a second, separate agreement (hereinafter referred to as "Agreement No. 2").

38.   Agreement No. 2 provided that Defendants, through Nice Gems, Inc., would arrange for the 14 Diamonds to be cut, polished and certified by the Gemological Institute of America (GIA).

39.   The 14 Diamonds were not to be sold, transferred or in any way encumbered and title would remain with Plaintiffs.

40. On June 20, 2011, Plaintiffs delivered the 14 Diamonds to Defendants at their place of business, Nice Gems.

41. Plaintiffs received documentation from Defendants acknowledging receipt of the 14 Diamonds.

42. Thereafter, Defendants made arrangements with David Kirshenbaum, a diamond cutter and polisher, with offices located at 580 Fifth Avenue, Suite 924, New York, New York, to perform the cutting and polishing of the 14 Diamonds.

43. Following Defendants' breach of Agreement No. 1, and refusal to return the parcel of diamonds, Plaintiffs became alarmed and sought to safeguard the 14 Diamonds.

44. On or about July 30, 2011, Plaintiffs returned to David Kirshenbaum's office to retrieve the 14 Diamonds.

45. Plaintiffs were informed by Mr. Kirshenbaum that he was no longer in possession of any of the 14 Diamonds.

46. Plaintiffs learned that Defendants had wrongfully taken possession of the 14 Diamonds.

47. Plaintiffs grew more concerned over the status, condition and location of the 14 Diamonds.

48. Plaintiffs continued to try to reach Defendants.

49. Plaintiffs even attempted to reach Defendant Kavadia's family in an attempt to retrieve the 14 Diamonds.

50. Over the next several weeks, Plaintiffs made several unsuccessful attempts to contact Defendants, including telephone calls, text messages and certified letters, each time demanding the return of the 14 Diamonds.

6

51.     To date, Defendants have not responded to any of Plaintiffs' requests and remain in wrongful possession of the 14 Diamonds.

## FIRST CAUSE OF ACTION FOR INJUNCTIVE RELIEF
## AS TO THE PARCEL OF DIAMONDS

52.     Plaintiffs incorporate Paragraphs 1 through 51 of this Complaint.

53.     Plaintiffs and Defendants have a valid and enforceable contract with respect to Agreement No. 1.

54.     Plaintiffs have performed all of their obligations in accordance with Agreement No. 1.

55.     Defendants have breached Agreement No. 1 and have wrongfully retained possession of the parcel of diamonds.

56.     As a direct result of Defendants' wrongful conduct, Plaintiffs have been damaged.

57.     The parcel of diamonds is extremely unique and money damages would be inadequate to compensate Plaintiffs for its loss.

58.     Plaintiffs are entitled to a permanent injunction enjoining Defendants' illegal possession of the parcel of diamonds and from selling, transferring or in any way encumbering the converted parcel of diamonds and respectfully request that the parcel of diamonds be turned over to the Court during the pendency of this action.

59.     Plaintiffs have no adequate remedy at law.

## SECOND CAUSE OF ACTION FOR INJUNCTIVE RELIEF
## AS TO THE PARCEL OF DIAMONDS

60.     Plaintiffs incorporate Paragraphs 1 through 59 of this Complaint.

61.     Plaintiffs and Defendants have a valid and enforceable contract with respect to Agreement No. 1.

62.     Plaintiffs have performed all of their obligations in accordance with Agreement No. 1.

63.     Defendants have breached Agreement No. 1 in that they have failed to perform pursuant to the terms of Agreement No. 1 and have failed to return the parcel of diamonds to Plaintiffs.

64.     As a result of Defendants' wrongful conduct, Plaintiffs have been damaged.

65.     The parcel of diamonds is extremely unique and money damages would be inadequate to compensate Plaintiffs for its loss.

66.     As a direct result of Defendants' breach, Plaintiffs are entitled to the return of the parcel of diamonds.

67.     Plaintiffs have no adequate remedy at law.

### THIRD CAUSE OF ACTION FOR INJUNCTIVE RELIEF
### AS TO THE 14 DIAMONDS

68.     Plaintiffs incorporate Paragraphs 1 through 67 of this Complaint.

69.     Plaintiffs and Defendants have a valid and enforceable contract with respect to Agreement No. 2.

70.     Plaintiffs have performed all of their obligations in accordance with Agreement No. 2.

71.     Defendants have breached Agreement No. 2 and wrongfully retained possession of the 14 Diamonds.

72.     As a direct result of Defendants' wrongful conduct, Plaintiffs have been damaged.

73.     The 14 Diamonds are extremely unique and money damages would be inadequate to compensate Plaintiffs for their loss.

74.    Plaintiffs are entitled to a permanent injunction enjoining Defendants' illegal possession of the 14 Diamonds and from selling, transferring or in any way encumbering the converted 14 Diamonds and respectfully request that the 14 Diamonds be turned over to the Court during the pendency of this action.

75.    Plaintiffs have no adequate remedy at law.

## FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF
## AS TO THE 14 DIAMONDS

76.    Plaintiffs incorporate Paragraphs 1 through 75 of this Complaint.

77.    Plaintiffs and Defendants have a valid and enforceable contract with respect to Agreement No. 2.

78.    Plaintiffs have performed all of their obligations in accordance with Agreement No. 2.

79.    Defendants have breached Agreement No. 2 in that they have failed to have the 14 Diamonds cut and polished and certified by the Gemological Institute of America (GIA) and have failed to return the 14 Diamonds to Plaintiffs.

80.    As a direct result of Defendants' wrongful conduct, Plaintiffs have been damaged.

81.    The 14 Diamonds are extremely unique and money damages would be inadequate to compensate Plaintiffs for their loss.

82.    As a result of Defendants' breach, Plaintiffs are entitled to a return of the 14 Diamonds.

83.    Plaintiffs have no adequate remedy at law.

9

## FIFTH CAUSE OF ACTION FOR CONVERSION OF THE PARCEL OF DIAMONDS

84.    Plaintiffs incorporate Paragraphs 1 through 83 of this Complaint.

85.    Defendants have wrongfully converted the parcel of diamonds supplied by Plaintiffs pursuant to Agreement No. 1.

86.    Plaintiffs are entitled to the return of the parcel of diamonds.  In the event that the parcel of diamonds cannot be returned, Plaintiffs, as a direct result of Defendants' wrongful conduct, are entitled to money damages in an amount to be determined at trial, but believed to be no less than $1,000,000.00, plus pre-judgment interest.

## SIXTH CAUSE OF ACTION FOR CONVERSION OF THE 14 DIAMONDS

87.    Plaintiffs incorporate Paragraphs 1 through 86 of this Complaint.

88.    Defendants have wrongfully converted the 14 Diamonds supplied by Plaintiffs pursuant to Agreement No. 2.

89.    Plaintiffs are entitled to the return of the 14 Diamonds.  In the event that the 14 Diamonds cannot be returned, Plaintiffs, as a direct result of Defendants' wrongful conduct, are entitled to money damages in an amount to be determined at trial, but believed to be no less than $35,000,000.00, plus pre-judgment interest.

## SEVENTH CAUSE OF ACTION FOR UNJUST ENRICHMENT AS TO THE PARCEL OF DIAMONDS

90.    Plaintiffs incorporate Paragraphs 1 through 89 of this Complaint.

91.    Defendants have wrongfully retained the parcel of diamonds supplied by Plaintiffs pursuant to Agreement No.1.

92.    Defendants have been unjustly enriched to the extent of the value of the parcel of diamonds.

10

93.    As a direct result of Defendants' wrongful conduct, Plaintiffs have been damaged in an amount to be determined at trial, but believed to be no less than $1,000,000.00, plus pre-judgment interest.

### EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT
### AS TO THE 14 DIAMONDS

94.    Plaintiffs incorporate Paragraphs 1 through 93 of this Complaint.

95.    Defendants have wrongfully retained the 14 Diamonds supplied by Plaintiffs pursuant to Agreement No. 2.

96.    Defendants have been unjustly enriched to the extent of the value of the 14 Diamonds.

97.    As a direct result of Defendants' wrongful conduct, Plaintiffs has been damaged in an amount to be determined at trial, but believed to be no less than $35,000,000.00, plus pre-judgment interest.

### REQUEST FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment on the Complaint as follows:

A.    On the First Cause of Action, a permanent injunction enjoining Defendants' illegal possession of the parcel of diamonds and from selling, transferring or in any way encumbering the converted parcel of diamonds and respectfully request that the parcel of diamonds be turned over to the Court during the pendency of this action;

B.    On the Second Cause of Action, an injunction for the return of the parcel of diamonds to Plaintiffs;

C.    On the Third Cause of Action, a permanent injunction enjoining Defendants' illegal possession of the 14 Diamonds and from selling, transferring or in any way encumbering the converted 14 Diamonds and respectfully request that the 14 Diamonds be turned over to the Court during the pendency of this action;

D.    On the Fourth Cause of Action, an injunction for the return of 14 Diamonds to Plaintiffs;

11

E.     On the Fifth Cause of Action, an injunction for the return of the parcel of diamonds.  In the event that the parcel of diamonds cannot be returned, money damages in an amount to be determined at trial, but believed to be no less than $1,000,000.00, plus pre-judgment interest;

F.     On the Sixth Cause of Action, an injunction for the return of the 14 Diamonds.  In the event that the 14 Diamonds cannot be returned, money damages in an amount to be determined at trial, but believed to be no less than $35,000,000.00, plus pre-judgment interest;

G.     On the Seventh Cause of Action, money damages in an amount to be determined at trial, but believed to be no less than $1,000,000.00, plus pre-judgment interest;

H.     On the Eighth Cause of Action, money damages in an amount to be determined at trial, but believed to be no less than $35,000,000.00, plus pre-judgment interest; and

I.     Such other, further and different relief as to the Court may seem just and proper.

Dated:     Garden City, New York
           February 22, 2012

John P. Gibbons, Jr. (JG 2473)
Spellman Rice Schure Gibbons
  McDonough Polizzi & Truncale, LLP
Counsel for Plaintiffs
229 Seventh Street, Suite 100
Post Office Box 7775
Garden City, New York 11530
(516) 592-6800