UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MARIA ALVES DECASTRO and DJJ-MINING & SERVICES (PRIVATE) LIMITED,

       Plaintiffs,

-against-

DEEPAK KAVADIA and NICE GEMS, INC.,

       Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/15
```

12 Civ. 1386 (AT)(DF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

ANALISA TORRES, District Judge:

  On January 29, 2015, Plaintiffs, Jose Maria Alves DeCastro and DJJ-Mining & Services (Private) Limited, moved for sanctions pursuant to Federal Rule of Civil Procedure 37 against Defendants, Deepak Kavadia and Nice Gems, Inc. Specifically, Plaintiffs claimed that Defendants failed to comply with the Honorable Debra Freeman's December 2, 2014 discovery order. In a Report and Recommendation dated May 13, 2015 (the "R & R"), ECF No. 184, Judge Freeman proposed that: (1) the jury receive an adverse inference instruction; and (2) Defendants and Counsel, Andrew Lavoott Bluestone, Esq., reimburse the attorney's fees and costs Plaintiffs incurred in moving for sanctions. Defendants and Counsel timely objected to the R & R. For the reasons stated below, the Court ADOPTS the R & R in its entirety.

## DISCUSSION[1]

### I.  Standard of Review

  District courts may reverse a magistrate judge's order on a non-dispositive pre-trial matter only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). "An order is 'clearly erroneous' only when the reviewing court on the entire evidence is left with

---

[1] The Court presumes familiarity with the facts of the case, as detailed in the R & R, *see* R & R 4-19, and, accordingly, does not summarize them here.

the definite and firm conviction that a mistake has been committed." *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) (internal quotation marks omitted). "An order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.*

Discovery matters are generally considered non-dispositive of the litigation. *See Thomas E. Hoar*, 900 F.2d at 525. And, in particular, sanctions for discovery violations are deemed non-dispositive unless the sanction employed disposes of a claim. *See id.* "It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Leviton Mfg. Co. v. Greenberg Traurig LLP*, No. 09 Civ. 08083, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) (citation omitted). Because Judge Freeman's order concerns non-dispositive matters, this deferential standard of review applies.[2]

II. Analysis

Having carefully reviewed the R & R, the parties' submissions, and the record evidence, the Court affirms the R & R based on the pertinent findings, reasoning, and controlling authority upon which it is grounded. Defendants and Counsel raise three objections. *See* Def. Obj., ECF No. 185. For the reasons that follow, none is persuasive.

A. Kavadia's Deletion of Emails

First, Defendants and Counsel object to Judge Freeman's finding that Kavadia intentionally deleted relevant emails from his computer to avoid their disclosure. Def. Obj. 2-4; *see* R & R 13-14. Specifically, Judge Freeman determined that Kavadia, in violation of his discovery obligations, installed and used an "Eraser" program "to target and delete specific,

---

[2] Judge Freeman addressed Plaintiffs' motion for sanctions by way of a report and recommendation because Plaintiffs requested "litigation-ending sanctions." R & R 4 n.4. Ultimately, however, the R & R did not dispose of Plaintiffs' claims and Defendants' counterclaims. *See* R & R. But, in an abundance of caution, even reviewing the R & R *de novo*, the Court finds that it complies with this standard.

2

relevant files that were stored on his laptop computer." R & R 13.  Defendants and Counsel now argue that Judge Freeman's "logic is flawed" because her "inconclusive reasoning and blatant disregard for [Kavadia's] testimony should not be enough to justify the sanctions recommended." Def. Obj. 4.

The Court disagrees.  In an order dated December 2, 2014, Judge Freeman noted the "vague and shifting nature" of Kavadia's explanations for his failure to produce responsive emails.  December 2, 2014 Order 7, ECF No. 119.  In addition, Kavadia failed to comply with the directives relating to the responsive emails set out in the December 2, 2014 order.  R & R 8-10.  Moreover, a forensic examiner's report filed by Kavadia on February 13, 2015 revealed that, contrary to Kavadia's claims, there was *no* file corruption or third party access on Kavadia's computer.  *Id.* at 11-13.  Instead, the report showed that an "Eraser" program, which was "designed to enable users to delete all traces of specific files," had been installed on Kavadia's computer just *one day after* Judge Freeman first granted Plaintiffs permission to move to compel further production of Kavadia's emails and other documents.  *Id.* at 11, 13.  After conducting a thorough evidentiary hearing, Judge Freeman found that Kavadia's explanations for the installation of the program and deletion of the emails were "implausible," "wholly unsupported," and "wholly incredible."  *Id.* at 12-14.  And, despite Judge Freeman's invitation, Kavadia failed to marshal evidence in support of his bareboned testimony.  *Id.* at 12-13.

On this record, the Court affirms Judge Freeman's determination that "Kavadia intentionally and willfully took steps to destroy [the] emails."  *Id.* at 14.

B.  Kavadia's Control Over the Pratik Diamonds Documents

Second, Defendants and Counsel object to Judge Freeman's finding that Kavadia had control over Pratik Diamonds' business records and bank transactions.  Def. Obj. 1, 4-6.  In the

December 2, 2014 order, Judge Freeman concluded "that Plaintiffs ha[d] adequately demonstrated, by competent evidence, that Kavadia is the majority shareholder and a director of Pratik Diamonds, such that the company's banking records are under Kavadia's 'control,' within the meaning of Rule (34)(a)(1) of the Federal Rules of Civil Procedure." December 2, 2014 Order 15. And, in the R & R, Judge Freeman "decline[d] to revisit [this] initial finding." R & R 19.

The Court, too, declines to second-guess Judge Freeman's determination. As Judge Freeman stated, the government records propounded by Plaintiffs list Kavadia as a director and the majority shareholder of Pratik Diamonds. *Id.* In addition, after listening to Kavadia's testimony at the evidentiary hearing and reviewing the post-hearing submissions, Judge Freeman refused to "credit the labored and contrary assertions made by Kavadia and Pratik Diamonds." *Id.* at 18-19. Judge Freeman explained that Defendants have subjected the Court to a "long history of evasive and contradictory explanations . . . as to [Kavadia's] relationship with Pratik Diamonds," and "conflicting and unsubstantiated representations . . . regarding the status of Kavadia's ownership interest in the company." *Id.* at 19. Based on the evidence, the "Pratik Diamonds documents are within Kavadia's control," and Kavadia's failure to produce them "was intentional and willful." *Id.*

Because Judge Freeman's finding is amply supported by the record, the Court rejects this objection.

C. Attorney's Fees Against Defendants and Counsel

Finally, Defendants and Counsel object to Judge Freeman's attorney's fees award recommendation on the ground that Judge Freeman already imposed legal fees upon them in a

separate May 13, 2015 order. Def. Obj. 6-7; May 13, 2015 Order, ECF No. 183. This objection also lacks merit.

The penalty imposed upon Defendants and Counsel in the May 13, 2015 order arose from the December 2, 2014 order, in which Judge Freeman granted Plaintiffs' request for reimbursement for the attorney's fees and costs they incurred in preparing their *motions to compel*. May 13, 2015 Order 1-2; *see also* December 2, 2014 Order 18-20. By contrast, Judge Freeman recommended the attorney's fees in the R & R to compensate Plaintiffs for the expenses they incurred in preparing their *motions for sanctions* and related submissions, as well as the March 9, 2015 evidentiary hearing costs. R & R 30. Judge Freeman concluded that this penalty was appropriate because "Kavadia [had] deliberately engaged in the spoliation of evidence and made false and misleading statements to try to avoid his discovery obligations and obscure his conduct." *Id.* at 28. Moreover, Judge Freeman explained that the "total effect of Bluestone's conduct has been to veil Kavadia's misconduct, and, as a result, he should be required to bear a portion of Plaintiffs' expenses on their motion." *Id.* at 29.

Judge Freeman's decision to impose this sanction was within the appropriate exercise of her sound discretion and is justified based on the factual record. *See* Fed. R. Civ. P. 37(b)(2)(C) (instructing that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"); *AAlpharma Inc. v. Kremers Urban Dev. Co.*, No. 02 Civ. 9628, 2006 WL 3096026, at *5 (S.D.N.Y. Oct. 31, 2006) ("It is well settled that the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case."); *Intertec Contracting Turner Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 WL 812224, at *11 (S.D.N.Y. July 18, 2001)

("The Second Circuit has repeatedly stated the importance of following discovery orders of the Court, warning that a party who flouts such orders does so at his peril." (internal quotation marks omitted)). Defendants fail to support their argument that the Court's imposition of one penalty bars the future imposition of sanctions. *See* Def. Obj. at 6-7.

Accordingly, the Court, finding no clear error, adopts Judge Freeman's recommendation that Defendants and Counsel be required to reimburse Plaintiffs for 75 percent and 25 percent, respectively, of the reasonable attorney's fees and costs Plaintiffs incurred in moving for sanctions. R & R 30.

## CONCLUSION

For these reasons, the Court ADOPTS the R & R in its entirety. In accordance with the R & R, the jury shall be given an adverse inference instruction. Plaintiffs shall be awarded reasonable attorney's fees and costs in an amount to be determined by Judge Freeman.

The Clerk of Court is directed to terminate the motion at ECF No. 150.

SO ORDERED.

Dated: July 6, 2015
New York, New York

                                                  ANALISA TORRES
                                              United States District Judge