UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE MARIA ALVES DECASTRO, et al.,                    :

                Plaintiffs,                    :

      -against-                    :

DEEPAK KAVADIA, et al.,                    :

              Defendants.                    :
------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: _10/29/15_

12cv1386 (AT) (DF)

**REPORT AND
RECOMMENDATION**

**DEBRA FREEMAN, United States Magistrate Judge:**

Currently before this Court is the application of plaintiffs Jose Maria Alves DeCastro and

DJJ-Mining & Services (Private) Limited (collectively, "Plaintiffs"), for $7,812.00 in attorney's

fees incurred in connection with their motion for discovery sanctions. (*See* Plaintiffs' Notice of

Motion to Impose Sanctions, dated Jan. 29, 2015 (Dkt. 150) ("Notice of Motion"); Declaration of

Mathew J. Harris in Support of Plaintiffs' Motion to Impose Sanctions, dated Jan. 29, 2015

("Declaration in Support") (Dkt. 152).) For the reasons set forth below, I recommend that

Plaintiffs' fee application be denied.

## PROCEDURAL HISTORY

Plaintiffs make this application in accordance with the Order of the Honorable

Analisa Torres, U.S.D.J., dated July 6, 2015 (Dkt. 186), resolving Plaintiffs' motion for

discovery sanctions by adopting the Report and Recommendation issued by this Court on

May 13, 2015. (Dkt. 184). In that Order, Judge Torres imposed sanctions against defendants

Deepak Kavadia and Nice Gems, Inc., and their counsel, Andrew Lavoot Bluestone, Esq., and

directed that Plaintiffs be awarded the reasonable fees and costs of their sanctions motion, in

amount to be determined by this Court. (*See* Dkt. 186, at 6.) On August 30, 2015, Plaintiffs

filed a fee application in accordance with the July 6 Order, seeking an award of $7,812.00. (Letter to the Court from Matthew J. Harris, Esq., dated Aug. 30, 2015 ("Pl. Fee App.")) (Dkt. 196).)

Upon review of Plaintiffs' fee application, however, this Court noted that there were several aspects of the application that raised doubts as to whether the listing of hours submitted by Plaintiffs' attorney, Matthew J. Harris, Esq. ("Harris"), was actually a contemporaneous time record. By Order dated October 23, 2015, the Court therefore directed Plaintiffs to supplement their submission by filing an affidavit or declaration from counsel, detailing the process by which the time records underlying the application were maintained. (Dkt. 199.) In that Order, the Court cautioned Plaintiffs that a failure to demonstrate that counsel's fee records were maintained contemporaneously with the work performed might result in this Court's recommending that no fees be awarded, despite the Court's sanctions ruling. (*Id.*)

On October 27, 2015, in response to this Court's Order, Harris filed a letter stating, in its entirety:

> With reference to your order concerning the fee application I have filed with the Court, I am unable to represent that it was based on contemporaneous records.
>
> Inexperienced as I am in Federal litigation, I thought that the "reasonableness" of the fees was the only requirement. I will say that I believe the fees I submitted were reasonable.

(Dkt. 200.)

## **DISCUSSION**

As stated in the Court's October 23 Order, the maintenance of contemporaneous time records is a prerequisite to *any* award of attorneys' fees in this Circuit. (*See* Dkt. 199; *see also Scott v. City of New York*, 626 F.3d 130, 133-34 (2d Cir. 2010) (citing *N.Y. State Ass'n for*

*Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983)).)  Thus, even if

Harris's requested fee is the product of a reasonable number of hours performed at a reasonable

hourly rate, attorney's fees must not be awarded unless counsel recorded those hours at the time

he performed the work in question.  *See Kottwitz v. Colvin*, No. 14-CV-2677 (PGG)(SN), 2015

WL 293821, *3 (S.D.N.Y. July 14, 2015) (holding that counsel's efforts to "cobble together a

historical account of time expended based on work records" was contrary to the legal standard

and inadequate as a factual matter); *Ermenegildo Zenga Corp. v. 56th St. Menswear, Inc.*, No. 06

Civ. 7827 (HB) (GWG), 2008 WL 4449533, at *6 (S.D.N.Y. Oct. 2, 2008) ("[C]ourts routinely

decline to award fees when a party submits a fee request that fails to indicate that it is based on

contemporaneous time records.").

Harris's inability to represent that his fee application was based on contemporaneous time

records therefore precludes any award of attorney's fees with respect to Plaintiffs' motion for

sanctions.

## CONCLUSION

For the foregoing reasons, I recommend that Plaintiffs' application for an award of

attorney's fees in the amount of $7,812.00 be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections.  *See also* Fed. R. Civ. P. 6 (allowing three additional days for service by mail).  Such

objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy

copies delivered to the chambers of the Honorable Analisa Torres, United States Courthouse,

500 Pearl Street, Room 2210, New York, New York 10007, and to the chambers of the

undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York

10007.  Any requests for an extension of time for filing objections must be directed to

Judge Torres.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL

RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.

*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d

1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v.*

*Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d

Cir. 1983).

Dated:   New York, New York
      October 29, 2015

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)

4